IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE CHARLES WILLIS, | ) | |
| | ) | 08 C 2337 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Judge Andersen |
| CHICAGO POLICE DEPARTMENT, | ) | |
| et al., | ) | Magistrate Judge Keys |
| | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT DANA STARKS' MOTION TO DISMISS
### PLAINTIFF'S COMPLAINT AT LAW

Defendant Dana Starks, by Mara S. Georges, Corporation Counsel for the City of Chicago, moves this Honorable Court, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss with prejudice Plaintiff's Complaint, and in support states as follows:

### INTRODUCTION

On April 24, 2008, Plaintiff Eddie Charles Willis filed the above-captioned lawsuit *pro se* in the United States District Court for the Northern District of Illinois, Eastern Division, alleging violations of his civil rights under 42 U.S.C. § 1983 when he was stopped by unknown officers employed by the Chicago Police Department on November 13, 2007. Defendant Dana Starks now files this Motion to Dismiss Plaintiff's Complaint, on the grounds that Plaintiff has failed to allege facts to support an alleged unconstitutional policy.

### STANDARD OF REVIEW

For purposes of a motion to dismiss, the Court is to accept as true all the well-pleaded facts in the complaint. *See Klug v. Chicago School Reform Board of Trustees*, 197 F.3d 853, 855 (7th Cir.

1999). However, a court is "not required 'to ignore any facts set forth in the complaint that undermine the Plaintiff's claim or assign any weight to unsupported conclusions of law.'" *City Nat'l Bank of Florida v. Checkers, Simon & Rosner*, 32 F.3d 277, 281 (7th Cir. 1994) (citations omitted).

While the rules do not require that a complaint describe the alleged wrongdoing with particularity, if the facts alleged by the Plaintiff show that he has no claim, then dismissal should be granted. *See Jefferson v. Ambroz*, 90 F.3d 1291, 1296 (7th Cir. 1996). While a *pro se* litigant's pleadings are held to a less stringent standard, he must nonetheless act in accordance with court rules. *Easley v. Verizon Wireless*, 2004 WL 2005819, *4 (N.D. Ill., 2004), *citing Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996), *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("*pro se* litigants are not entitled to a general dispensation from the rules and procedure or court imposed deadlines.") (citations omitted).

## ARGUMENT

### I. Plaintiff has not sufficiently alleged facts in his Complaint which show the existence of an unconstitutional custom or policy

In the caption of his Complaint, Plaintiff sues Defendant Starks solely in his "official capacity" as the "Interim Superintendent" of the Chicago Police Department. However, while an action filed under 42 U.S.C. § 1983 allows for the filing of an official capacity suit, in effect, an official capacity suit is not a suit against a government official individually, but rather against the local government entity. *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). It is "another way of pleading an action against an entity of which an officer is an agent." *Id.* at 165, *quoting Monell v. Dept. of Soc. Serv. of City of N.Y.,* 436 U.S. 658, 690 n. 55. Therefore, Plaintiff in essence is suing the City of Chicago, the municipality that controls the Chicago Police

Department, by suing Defendant Starks in his official capacity as the "Interim Director of the Chicago Police Department."

In order to prove municipal liability under § 1983 , it is necessary to establish a direct link between a policy or custom of the municipality and the unconstitutional conduct. *Cross v. City of Chicago*, No. 91 C 1891, 1991 WL 222146 (N.D.Ill. Oct. 21, 1991), citing *Baker v. City of Chicago,* Memorandum Opinion, 88 C 5953 (N.D.Ill. May 31, 1990). Further,

> A plaintiff may also establish a § 1983 claim by pleading facts which reflect an unconstitutional custom or policy. *City of Canton, Ohio v. Harris,* 489 U.S. 378, 109 S.Ct 1197, 1203 (1989). Under the first theory, a single incident of a municipal employee's conduct cannot support municipal liability under § 1983. *Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir.1985) *quoting Powe v. City of Chicago,* 664 F.2d 639, 650 (7th Cir.1981). "Instead, it is when execution of a government's policy or custom ... by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Strauss,* 760 F.2d at 767 *quoting Monell,* 436 U.S. at 694. The Seventh Circuit in *Strauss* held that a plaintiff must plead sufficient facts beyond his or her own situation to support an allegation of a custom or policy of a municipal entity which caused a constitutional deprivation. 760 F.2d at 767. The plaintiff may not simply allege "boilerplate" allegations of a municipal policy which is lacking in factual support. *Rodgers v. Lincoln Towing Service, Inc.,* 771 F.2d 194, 202 (7th Cir.1985).
>
> Cross v. City of Chicago L 222146, 3 -4 (Kocoras, J.) (N.D.Ill.,1991).

In the instant matter, Plaintiff alleges no specific allegations of any municipal policy that led to the violation of his constitutional rights under § 1983.  Further, Plaintiff has not pleaded any facts beyond his own incident to support an allegation of a custom or policy of the City of Chicago which caused a constitutional deprivation.  To put another way, Plaintiff has not pleaded

facts sufficient to support an established unconstitutional policy – he has simply alleged boilerplate allegations against Defendant Starks, who should therefore be dismissed as a defendant in this lawsuit.

### II. Punitive damages cannot be obtained against Defendant Starks as he is sued in his official capacity.

Assuming *arguendo* that Defendant Starks is not dismissed outright, it should be noted that municipal defendants are immune from liability under § 1983 for punitive damages. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981). Plaintiff cannot obtain punitive damages when suing defendants in their official capacity, which he has attempted to do in his prayer for relief.

### CONCLUSION

For each of the reasons stated above, Defendant Dana Starks respectfully requests that this Honorable Court dismiss the Complaint against him, and for any other relief deemed just and appropriate.

Respectfully submitted,
MARA S. GEORGES
Corporation Counsel of the City of Chicago

BY: **/s/ Ashley C. Kosztya**
ASHLEY C. KOSZTYA
Assistant Corporation Counsel
Attorney for Defendant Dana Starks

30 North LaSalle Street
Room 1020/1400
Chicago, Illinois 60602
312-744-6922